IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DEANA K. WILSON,<br><br>              Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>              Defendant. | CV 14–81–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on December 30, 2014, recommending that Plaintiff's motion for summary judgement be denied, and that the Commissioner's decision be affirmed. Plaintiff did not timely object to the Findings and Recommendation, and so has waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). There is no clear error in Judge Lynch's Findings and

1

Recommendations and the Court adopts them in full. Because the parties are familiar with the facts of this case they will only be included here as necessary to explain the Court's order.

Judge Lynch did not clearly err in finding that there were specific and legitimate reasons supported by substantial evidence for rejecting Dr. Van Belois' opinions as stated in her letters dated January 7, 2008, and March 21, 2011 or in finding that the ALJ gave Dr. Righetti's opinion significant weight. There is no clear error in Judge Lynch's finding that the ALJ properly considered Dr. Capps and Dr. Wilson's report and did not confuse the workers' compensation system and the Social Security statutory scheme.

Judge Lynch did not clearly err in finding that the ALJ provided sufficiently clear and convincing reasons for finding Wilson's subjective testimony only partially believable. The ALJ's discussion clearly discusses numerous inconsistent statements, medical records, and other observations supporting his finding of adverse credibility. There is no clear error in Judge Lynch's finding that the ALJ gave a germane reason, namely statements inconsistent with opinions and observations by medical doctors, when discounting lay witness testimony.

There is no clear error in Judge Lynch's finding that Wilson has not shown how the ALJ's evaluation of the medical evidence submitted to the Appeals

Council was erroneous. Judge Lynch did not clearly err in finding that the ALJ's error in finding Wilson capable of performing past relevant work was a harmless error because the ALJ made alternative findings at step five. Similarly, the vocational expert's testimony did not contradict the Dictionary of Occupational Titles so any potential error on the ALJ's part in failing to inquire about the conflict was harmless. Lastly, there is no clear error in Judge Lynch's finding that substantial evidence supported the ALJ's decision even after Mark Schwager's report was made part of the record after the ALJ's decision.

There being no clear error in Judge Lynch's Findings and Recommendation,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 23) are ADOPTED IN FULL. Plaintiff's motion for summary judgment (Doc. 19) is DENIED. The Commissioner's decision is AFFIRMED.

Dated this 11th day of February, 2015.

_____
Dana L. Christensen, Chief District Judge
United States District Court